By the Court.
We find no error in the judgment of the District Court.
Section 71 of the act for the settlement of estates (S. & ■C. 578), provides, that, “ the executor or administrator shall, within three months after the date of his bond, sell the whole of the personal property belonging to the estate, which is liable to the payment of debts, and is assets in his hands, to be administered, except the following: Eirst, Such as the widow may desire to take at the valuation made by the appraisers, she securing payment to the executor or administrator therefor as other purchasers.” . . .
Section 77 is as follows : “ The executor or administrator shall, previous to such sale, make out a list of all the articles mentioned in the inventory which are liable to sale, in the order set down in the inventory, whether the same are destroyed, taken by the widow at the appraisement, or otherwise forthcoming or not; and some suitable clerk, who is not interested in the estate, shall, at the time of sale, place opposite to each item upon said list the name of the purchaser or purchasers, and the amount for which the item mentioned, or any part thereof, was sold; and if there be any articles on said list which shall not be sold, the clerk shall enter opposite to such article the words ‘ not sold,’ or the words ‘ taken by the widow at the appraisement,’ or other statement according to the fact.” . . .
Under these provisions the widow electing to take property at the appraisement stands on the footing of a preferred purchaser.
The preference consists in her having the privilege of purchasing at the price fixed by the appraisement, instead of being required to buy at the price determined by competition at the sale. In other respects, she is required to conform to the conditions prescribed for other purchasers.
The time prescribed within which the administrator is required to sell the personal property, is three months from the date of his bonds. Such property as the widow may elect to take is expressly excepted from the power of sale. As the time is not prescribed within which the widow must *541 exercise her election, we think that, in cases like the present, she may do so at any time before the property is put up for sale ; and that her right is not affected by the-changes that may in the meantime have taken place in the market value of the property.

Leave refused.